UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR GREER,

       **Plaintiff,**             CIVIL ACTION NO. 05-CV-71629-DT

vs.

                                    DISTRICT JUDGE ARTHUR J. TARNOW

NICK LUDWICK,             MAGISTRATE JUDGE MONA K. MAJZOUB
et. al,

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendants' Motions To Dismiss be GRANTED IN PART and DENIED IN PART.

\*\*\*

Plaintiff filed the instant complaint and an application to proceed *in forma pauperis* on April 26, 2005 pursuant to both 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132 *et. seq.* Plaintiff contends that the Defendants violated his constitutionally secured civil rights. The Defendants to this action are James Armstrong, Manager of MDOC's Prisoner Affairs Section; Nick Ludwick, Warden at MDOC's Charles E. Egeler Reception and Guidance Center ("RGC"); Linda Verlin, Assistant Deputy Warden, RGC; Kevin Jones, Corrections Resident Representative at RGC; Scott Portt, Resident Unit Officer, RGC; Kathy Honton, Librarian, RGC; Frederick Hartman, Resident Unit Officer, RGC; Jason Duncan, Resident Unit Officer, RGC; Rose Pelham, R.N., Duane L. Waters Hospital; Joseph Smith, Corrections Officer at MDOC's Muskegon Correctional Facility; [Viher] and Diane Bates, Corrections Officer at RGC. The case was referred to the undersigned for all pretrial

proceedings on June 7, 2005. Defendants Armstrong, Ludwick, Verlin, Jones, Portt, Honton, Hartman, Duncan, and Pelham, and Smith filed their Motion To Dismiss on June 30, 2005.

Plaintiff alleges that several Defendants employed by the Michigan Department of Corrections (MDOC) are violating his constitutional right to access the courts. Specifically, he claims that Defendants have obstructed his law library access, failed to respond to his grievances, intentionally destroyed or misfiled grievances, refused to allow Plaintiff adequate legal supplies or copier access, and placed him on modified access status in order to impede his ability to litigate.

Plaintiff alleges that Defendants have violated the Eighth and Fourteen Amendments by displaying deliberate indifference to his medical needs and by administering non-essential medical treatment without his consent. Specifically, Plaintiff alleges that Defendant's have unconstitutionally denied him the benefits of the Duane Waters Hospital's assisted living program, altered or restricted his medication regime, deliberately caused him to perform injurious physical acts, deliberately altered his medical records in order to cause him to be transferred to an MDOC location with inadequate medical facilities, and deliberately altered Plaintiff's medical records to deprive Plaintiff of food, medication, and the opportunity to use the bathroom for an unreasonable time during a prison transfer. (Pl.'s Compl.,¶¶ 23, 24, 36, 39, 41-43, 46, 52-55).

Plaintiff also alleges that Defendants have a policy of retaliation against any prisoner who files grievances or attempts to challenge the conditions of his confinement in federal court. (Pl.'s Compl., "Third Cause of Action" at 31). Plaintiff seeks only money damages from Defendants. (Pl.s Compl., "Damages Requested" at 33).

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED.

R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

All pleadings must comply with Fed. R. Civ. P. 8. Fed. R. Civ. P. 8(a) requires that a pleading that sets forth a claim for relief contain both a "short plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8 (e) provides that: "each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required."

## I. Access to Courts

Defendants argue that Plaintiff has failed to an access to courts claim upon which relief can be granted. Prisoners have a fundamental right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). "The right springs from the Due Process Clauses of the Fifth and Fourteenth Amendments and the right of petition found in the First Amendment," *Hodge v. Prince*, 730 F. Supp. 747, 751 (N.D. Tex. 1990), as well as from the Privileges and Immunities Clause of Article IV. *See Chambers v. Baltimore and Ohio R.R.,* 207 U.S. 142, 148 (1907). A prisoner's access to the courts must be adequate, effective and meaningful. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984); *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983). A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials "hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996); *accord Lewis*, 518 U.S. at 353; *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996); *Stewart*

*v. Block*, 938 F. Supp. 582, 586 (C.D. Cal. 1996)(plaintiff must show "a specific instance in which he was actually denied access to the courts.")(internal quotation omitted).

Further, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines," and thus the right is limited to safeguarding prisoners' ability "to attack their sentences, either directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. Under *Lewis*, dismissal is appropriate where a prisoner fails to allege a specific, litigation-related detriment resulting from the prison official's conduct. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### A. Interference with the Grievance Process

Plaintiff has alleged that various Defendants have denied Plaintiff access to the federal courts by changing the tracking numbers on various grievances and preventing Plaintiff from acquiring or copying grievance forms. Plaintiff further alleges that Defendants' actions caused at least one prior federal lawsuit to be dismissed because Plaintiff was unable to prove that he exhausted his administrative remedies. While Plaintiff has not yet shown that Defendant's actions actually caused the dismissal, his allegations as plead are sufficient to survive a motion to dismiss. Therefore, the portion of Defendant's Motion to Dismiss relating to Plaintiff's claims of interference with the grievance process should be **DENIED**.

### B. Access to the Prison Law Library

Plaintiff also alleges that he has been denied access to the Courts because of MDOC's law library restrictions. Plaintiff's complaint does not identify any specific injury in litigation that he would have avoided if he had had better law library access. Vague and conclusory allegations do not demonstrate a specific litigation-related detriment sufficient to meet the standing requirements of *Lewis*. *See also*

*Johnson v. Perry*, 1997 U.S. App. LEXIS 6154 (6th Cir. 1997)(unpublished)("The right of access guarantees access to the courts and not the prison law library. An inmate who claims his access to the courts was denied merely because he was denied access to the prison law library fails to state a claim absent any showing of prejudice to his litigation.").

Furthermore, the Sixth Circuit pointed out in *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) that:

> Restricted access to the law library is not per se denial of access to the courts. *United States v. Evans*, 542 F.2d 805 (10th Cir. 1976). Nor do either *Younger v. Gilmore*, 404 U.S. 15, 92 (1971) or *Johnson v. Avery*, 393 U.S. 483 (1969) equate access to the courts with the adequacy of a prison law library. The prison library is but one factor in the totality of all factors bearing on the inmates' access to the courts which should be considered. *Hampton v. Schauer*, 361 F. Supp. 641 (D. Colo. 1973).

*Walker*, 771 F.2d at 932. Restricted access to the prison law library is not a *per se* violation of his right to access the courts. Moreover, Plaintiff has failed to plead a specific litigation related detriment in connection with his library access claim. Defendant's Motion for Summary Judgment should be **GRANTED** with respect to Plaintiff's law library access claim.

## II.     Eighth Amendment Claims

Plaintiff alleges that Defendants' treatment of him violates both the Eighth Amendment and the Americans with Disabilities Act. Defendants argue that Plaintiff's complaint does not state a claim under the Eighth Amendment, and that Plaintiff has no personal cause of action under Americans with Disabilities Act because such actions are barred by the Eleventh Amendment.

It is a violation of the Eighth Amendment's cruel and unusual punishment clause to act with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976) (deliberate indifference to a serious medical needs sufficient to state an Eighth Amendment claim). Plaintiff alleges that he is wheelchair bound, diabetic, hypertensive, and has substantial medical

needs. Plaintiff further alleges that Defendants intentionally denied him access to medications, access to handicapped accessible facilities and programs, and even reasonable access to meals and bathroom facilities with the result that Plaintiff was left to stew in his own waste. Plaintiff's allegations, construed in the light most favorable to him, suggest that Plaintiff has stated a claim upon which relief may be granted, specifically, that Defendants acted with deliberate indifference to his serious medical needs and that as a result, he is entitled to relief. Actions which force a prisoner to sit or lie in his own waste are violations of the Eighth Amendment. *See e.g., Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir.1999) ("deprivation of basic elements of hygiene" represents "base, inhuman and barbaric" condition of confinement which violates the Eighth Amendment); *Anthonoy v. Gilman,* 03-CV-87, 2005 WL 3050471, at *4 (W.D. Mich. Nov. 15, 2005); *Masonoff v. DuBois,* 899 F.Supp. 782, 788 (D. Mass. 1995) (denial of "a sanitary place to dispose of one's bodily waste" violates Eighth Amendment). Plaintiff's 1983 claim for damages resulting from deliberate indifference to his medical needs should not be dismissed pursuant to F.R.C.P. 12(b)(6) and Plaintiff should be left to his strict proofs.

**III.    ADA Claims**

Plaintiff argues that the same conduct that underlies his 1983 claims serves as a proper basis for his claims under Title II of the ADA. Defendants argue that Plaintiff's ADA claim is barred by the Eleventh Amendment. The cases Defendants cite in support of their argument have been superceded by *United States v. Georgia,* 04-1203 (January 10, 2006). Title II of the ADA validly abrogates state sovereign immunity to the extent that it provides a cause of action for conduct that independently violates section I of the Fourteenth Amendment. *Id.* Title II of the ADA operates much like 42 U.S.C. § 1983, as vehicle for the vindication of federal rights, but not as an independent source of those rights. To the extent that Plaintiff's ADA claims are grounded in Fourteenth Amendment Due Process and Equal Protection, they are not barred by the Eleventh Amendment. In addition, the Eleventh

-6-

Amendment does not bar ADA suits seeking to redress cruel and unusual punishment, because Section I of the Fourteenth Amendment incorporates the Eighth Amendment's Cruel and Unusual Punishment Clause. *Id.*

Plaintiff also brings an ADA claim based on his allegation that Defendants have provided him with inadequate access to a law library and prison grievance procedures. Plaintiff does not have standing to challenge his restricted access to the prison library because he has insufficiently plead actual injury. Defendant's Motion to Dismiss Plaintiff's ADA claim should therefore be **Granted** with respect to Plaintiff's access to courts claim and **Denied** with respect to his other claims.

### IV. MDOC'S ALLEGED POLICY OF RETALIATION

Plaintiff alleges that MDOC has a custom or policy of retaliating against prisoners who challenge or complain about the conditions of their confinement in any way. His "Third Cause of Action" seeks to impose liability on Defendants for carrying out this alleged policy. Defendants rightly point out that Plaintiff's claim is barred by sovereign immunity. "[S]overeign immunity bars a § 1983 suit for monetary damages against a prison official in his official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jarvis v. Marcum*, 77 Fed.Appx. 308 (6th Cir.2003)." *Qualls v. Luttrell*, 124 Fed.Appx. 1002 (6th Cir. 2005). Plaintiff's complaint seeks only money damages, and his official capacity count is therefore barred by sovereign immunity. Defendant's Motion to Dismiss should be **GRANTED** as to Plaintiff's Third Cause of Action

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 09, 2006                     s/ Mona K. Majzoub
                                                               MONA K. MAJZOUB
                                                               UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Arthur Greer and Counsel of Record on this date.

Dated: February 09, 2006                     s/ Lisa C. Bartlett
                                                               Courtroom Deputy