UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARTHUR GREER,**

        **Plaintiff,**                CIVIL ACTION NO. 05-CV-71629-DT

vs.

                                       DISTRICT JUDGE ARTHUR J. TARNOW

**NICK LUDWICK,**                MAGISTRATE JUDGE MONA K. MAJZOUB
   et. al,

        **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983. The Defendants have not yet filed motions for summary judgment, and discovery is ongoing. Before the Court is Plaintiff's Motion For Appointment of Counsel. This Court believes that an appointment of counsel at this stage of the litigation is unnecessary.

Appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines

to exercise its discretion to appoint counsel to represent Plaintiff.  Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process.  Accordingly, Plaintiff's Motion For Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:  July 07, 2006					s/ Mona K. Majzoub
							MONA K. MAJZOUB
							UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this order was served upon Arthur Greer and Counsel of Record on this date.

Dated: July 07, 2006					s/ Lisa C. Bartlett
							Courtroom Deputy